*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0404p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 05-6309

TIMOTHY UNDRAE JOHNSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
No. 04-10101—James D. Todd, Chief District Judge.

Submitted: July 26, 2006

Decided and Filed: October 31, 2006

Before: MOORE, CLAY, and GRIFFIN, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** M. Dianne Smothers, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant. James W. Powell, ASSISTANT UNITED STATES ATTORNEY, Jackson, Tennessee, for Appellee.

CLAY, J., delivered the opinion of the court, in which MOORE, J., joined. GRIFFIN, J. (pp. 7-10), delivered a separate dissenting opinion.

_____

## OPINION

_____

CLAY, Circuit Judge. Defendant, Timothy Undrae Johnson, appeals to this Court his sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Defendant claims that the sentence imposed by the district court was not "reasonable" in light of *United States v. Booker*, 543 U.S. 220 (2005) inasmuch as the district court failed to properly consider the statutory sentencing factors of 18 U.S.C. § 3553(a).

For the reasons set forth in this opinion, we **VACATE** Defendant's sentence and **REMAND** this case to the district court for resentencing.

I.

Defendant, Timothy Undrae Johnson, was involved in an altercation with another individual in a Jackson, Tennessee bowling alley. Defendant allegedly threatened to shoot that individual, and revealed a small handgun that he was carrying in his pocket. Police were called to the scene, and a subsequent pat-down by the responding officer uncovered a loaded Bryco Arms .25 caliber handgun hidden on Defendant's person. Defendant was arrested and taken into custody.

An investigation by the United States Probation Department ("Probation Department") revealed that Defendant was on probation at the time that he committed the offense in this case, having been previously convicted on February 9, 2004, of felony aggravated assault in the Circuit Court of Crockett County, Tennessee. Defendant had served thirty days jail time on that conviction, which was to be followed by three years probation with the Tennessee Department of Corrections. As a result of the arrest at the bowling alley, Defendant was taken back into the custody of the Crockett County authorities. A state court hearing was held on July 8, 2005, and an order was issued by the Circuit Court of Crockett County, Tennessee, revoking Defendant's probation, and ordering that Defendant be remanded back into the custody of the Tennessee Department of Corrections to serve out the remainder of his sentence.

A presentence investigation report ("PSR") was prepared by the Probation Department prior to Defendant's sentencing hearing before the district court. According to the PSR, Defendant's total offense level was 17. Defendant was given 3 criminal history points, which put him in a criminal history category II, for an advisory sentencing range of 27 to 33 months. At the sentencing hearing, Defendant's counsel informed the district court that the Probation Department was likely going to recommend that the criminal history points be increased to 5 points instead of 3, on the basis of the state court revocation order. Such an increase would place Defendant in a criminal history category III, which carries an advisory Guidelines sentencing range beginning at 30, rather than 27 months. The probation officer who prepared the PSR testified that this amendment would in fact be appropriate.

Defendant then claimed before the district court that it was his understanding from his state court hearing that the state court judge did not intend that he [Defendant] should serve the balance of his time, but rather that the state court judge intended that Defendant be given 221 days credit on his sentence, and that the remainder of his sentence be suspended.[1] As a result of Defendant's "confusion" on the matter, Defendant's counsel requested that the district court postpone sentencing in Defendant's federal case in order to allow counsel time to return to the state court to get clarification on the revocation order.

The district court refused, stating that as a policy matter, the federal courts should not put off sentencing until after the state courts resolve their sentencing issues because to do so would open the door for every federal defendant to say, "[w]ait a minute, that state conviction's not right. I need to go get it fixed before you sentence me." (J.A. at 39) The district court went on to remark that it was going to proceed with sentencing since "these guidelines are advisory only now, I'm not going

---

[1]Defendant's confusion is difficult to understand given the explicit language of the revocation order.

IT IS THEREFORE ORDERED by the Court that the Defendant's sentence to Corrections Management Corporation be revoked and that he will be given 221 days community corrections credit and 0 days jail credit on this sentence.

IT IS FURTHER ORDERED by the Court that the Defendant, TIMOTHY JOHNSON, will be designated to Tennessee Department of Correction for the remainder of this sentence.

(J.A. at 11)

to be bound by these criminal history point determinations nearly as severely as I was previously." (J.A. at 40)  The district court denied Defendant's request for additional time, and accepted the probation officer's amended calculations.  The district court then proceeded to sentence Defendant, stating the following:

> Mr. Johnson, I'm not required to use these guidelines as the exact sentence, but I'm supposed to consider these guidelines.  In my judgment, these guidelines do reflect an appropriate range of sentences.  There's an overlap between the one that was previously calculated, 27 to 33 months, and the new one, 30 to 37 months; so I'm going to – Since you were at the top of the criminal history scored under the previous calculations and you're at the middle of the criminal history score under the current calculations, I'm going to overlap those and give you a sentence that would be appropriate under either range.  It seems to me, Mr. Johnson, that a sentence of 30 months in the Bureau of Prisons is an appropriate sentence, so I'm going to commit you to the custody of the Bureau of Prisons for a term of 30 months.

(J.A. at 41)  At counsel's request, the district court also agreed to recommend a long-term drug treatment program for Defendant.

## II.

We review the district court's sentence and exercise of discretion (if any) for "reasonableness." *United States v. Jones*, 399 F.3d 640, 650 (6th Cir. 2005); *see also United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005).  In determining reasonableness, this Court reviews the "the factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *Webb*, 403 U.S. at 383.

We hold here that the district court's sentence is not procedurally reasonable under *Booker*. "Section 3553(a) instructs district courts to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in that section." *United States v. Foreman*, 436 F.3d 638, 643 (6th Cir. 2006) (quotations omitted).  Although no longer bound by the Guidelines, district courts are still required to consider the applicable Guideline range along with the other statutory factors.[2] *Booker*, 543 U.S. at 245-46.  "Both district courts imposing sentences in the first instance as well as appellate courts reviewing sentences on appeal are to be guided by the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005). Under this new scheme, "district courts are required to consider the applicable Guidelines sentencing range when arriving at a defendant's sentence, . . . but only as one factor of several laid out in § 3553(a)." *Id.* (internal citations omitted).  As such, this Court "may conclude that a sentence is unreasonable when the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Webb*, 403 F.3d at 383 (internal quotations omitted).  "A sentence within the Guidelines carries with it no implication that the district court considered the 3553(a) factors if it is not clear from the record." *Foreman*, 436 F.3d at 644.

We find persuasive Defendant's argument that the district court failed to consider the other § 3553 factors, and sentenced him solely on the basis of the Guidelines.  Despite the fact that the district court expressly acknowledged that the Guidelines are now advisory, and that the Guidelines

---

[2] Section 3553(a) instructs that in determining what sentence to impose, sentencing courts are to consider: the nature and circumstances of the offense and history of the defendant, along with the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training and medical care.  18 U.S.C. § 3553(a) (2000).

are only one factor that should be considered, the district court failed to state on the record that it was considering any of the other § 3553 factors. In fact, the district court provides no indication at all of why it felt that Defendant's sentence was appropriate, other than to state that it was appropriate under the Guidelines. While it is true that the district court is not required to explicitly go through each sentencing factor, the district court is required to provide this Court with some evidence on the record that the § 3553(a) factors were considered. *See Webb*, 403 F.3d at 385 n.8 ("Post-*Booker* we continue to expect district judges to provide a reasoned explanation for their sentencing decisions in order to facilitate appellate review."); *Jackson*, 408 F.3d at 305 ("Although we are fully cognizant of the fact that district courts are no longer bound by the Guidelines in the manner they once were . . . we nonetheless find that, pursuant to *Booker*, we as an appellate court must still have the articulation of the reasons why the district court reached the sentence ultimately imposed, as required by 18 U.S.C. § 3553(c)."). Absent such articulation on the record that the § 3553(a) factors were considered, we are unable to review Defendant's sentence for reasonableness, and we decline to find that a sentence within the Guidelines range is reasonable.

III.

Rather than remand this case to the district court for resentencing, the dissent would disregard the *Booker* violation as harmless error[3] and affirm Defendant's sentence notwithstanding the district court's failure to provide "sufficient evidence in the record to affirmatively demonstrate the court's consideration of [the § 3553(a) factors]." *See United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006) (*citing United States v. Webb*, 403 F.3d 373 (6th Cir. 2005)). Quite simply, the dissent errs in so concluding.

As a threshold matter, the government entirely fails to cite relevant case law and makes no attempt to apply the facts of this case to support its claims of harmless error. The government's lack of developed argumentation yields two legally fatal consequences. First, in relying on such a perfunctory discussion of harmless error, the government has effectively waived the argument on appeal. *Moore v. LaFayette Life Ins. Co.*, 458 F.3d 416, 448 (6th Cir. 2006). Second, absent sufficient elucidation, the government cannot meet its burden of proof on harmless error.

To establish harmless error such that this Court lets stand a defendant's sentence in spite of errors at trial or sentencing below, the government must "prove that none of the defendant's substantial rights [has] been affected by the error." *United States v. Oliver*, 397 F.3d 369, 381 (6th Cir. 2005) (*citing* Fed. R. Crim. P. 52(a)); *United States v. Barnett*, 398 F.3d 516, 530 (6th Cir. 2005). *See also Arizona v. Fulminante*, 499 U.S. 279, 296 (1991) (noting that the government bears the burden of proof on harmless error); *United States v. Olano*, 507 U.S. 725, 734 (1993) (same). To carry this burden, the government must demonstrate to this Court with certainty that the error at sentencing did not "cause[] the defendant to receive a more severe sentence." *Oliver*, 397 F.3d at 379 (internal citation omitted); *United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005) ("Under the harmless error test, a remand for an error at sentencing is required unless we are *certain* that any such error was harmless.") (emphasis added). In this case, the government wholly failed

---

[3]The dissent oscillates between applying harmless error and plain error review. In *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004), this Court

> announce[d] a new procedural rule, requiring district courts, after pronouncing the defendant's sentence but before adjourning the sentencing hearing, to ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised. If the district court fails to provide the parties with this opportunity, they will not have forfeited their objections and thus will not be required to demonstrate plain error on appeal.

Accordingly, where – as here – the district court fails to afford the parties an opportunity to object, plain error review does not apply.

to carry its burden. The dissent improperly and inexplicably reverses the burden, arguing Defendant failed in some regard to show that the district court's procedurally unreasonable sentencing did not substantially affect his rights. ("On appeal, Johnson has failed to show what, if anything, the district court should have done at sentencing and . . . what it would have to do at a resentencing.")  This burden-shifting is simply not warranted.[4]

"[T]his Court does not reach the conclusion that the defendant's substantial rights have not been affected until it can discern that the district court properly considered the § 3553 factors." *United States v. Caswell*, 456 F.3d 652, 660 (6th Cir. 2006) (Clay, J. concurring); *see also United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006).  Where the record below provides no discussion of the factors set forth in § 3553(a), as here, this Court cannot be certain that the district court considered those factors at all.  *See Booker*, 543 U.S. at 261 ("[Section 3553(a)] factors . . . will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable."); *see also Foreman*, 436 F.3d at 644.  As the dissent aptly notes, this Court has only found a defendant's substantial rights unharmed where the record below indicates with certainty that the defendant's sentence would be no different absent the error alleged.  *See United States v. Alford*, 436 F.3d 677, 683 (6th Cir. 2006) (declining to remand on harmless error grounds where the Court was "convinced that a more lenient sentence would not be imposed"); *United States v. Brown*, 444 F.3d 519, 522 (6th Cir. 2006) ("certain" of harmless error where district court made discretionary upward departure from guideline range); *Webb*, 403 F.3d at 383 (finding that, where the district court sentenced a defendant pursuant to a plea agreement, within the Guidelines range, and following consideration of an upward departure, "clear and specific evidence . . . indicates that the district court would not have sentenced the defendant to a lower sentence" under an advisory regime).  It follows that this Court cannot definitively know whether the district court, upon proper consideration of the § 3553(a) factors, will impose a different sentence on remand.

The dissent relies on *Caswell* to describe the "proper approach to applying harmless- and plain-error review to reasonableness challenges."  Applying the *Caswell* approach, it is clear that this Court cannot excuse the district court's error in Defendant's case as harmless.  *Caswell* directs this Court to "analyze advisory Guideline sentences for reasonableness . . . to determine whether error was committed." *Caswell*, 456 F.3d at 656 n.1. "A sentence is unreasonable if the district court fails to consider the applicable sentencing range under the Guidelines, or fails to consider the sentencing factors described in 18 U.S.C. § 3553(a)." *Id.* at 656 (citing *Webb*, 403 F.3d at 383) (internal quotations omitted).  In *Caswell*, this Court found that the district court "sufficiently consider[ed] the § 3553(a) sentencing factors." *Id.* at 657.  There, the court acknowledged the defendant's "troubled childhood and personal background," reviewed his criminal history on the record, took account of the circumstances of the charged offense, and broadly considered the need for the sentence imposed to deter future crime and protect society. *Id.* at 657-58.  As a result, in *Caswell*, the defendant's sentence was not unreasonable, and the district court committed harmless error in failing to "reference § 3553(a) by name." *Id.* at 658.

In this case, the district court plainly "fail[ed] to consider the [§ 3553(a)] sentencing factors" – explicitly or otherwise. *See id*.  As the dissent correctly points out, Defendant's counsel did not separately present evidence pertinent to the factors set forth in § 3553(a).  However, the PSR does contain evidence relevant to these § 3553(a) factors. (J.A. at 41 (Defendant expressing remorse and

---

[4]As if such unwarranted burden-shifting were not enough, the dissent mischaracterizes this Circuit's precedent in *United States v. Christopher*, 415 F.3d 590 (6th Cir. 2005), citing it as support for the proposition that remand for resentencing is inappropriate where the defendant fails to show what the district court should have done differently in the first instance. Although the *Christopher* court, relying on harmless error doctrine, declined to remand the defendant's case for resentencing, it did so because "the district court adequately conveyed that it would impose the same sentence in absence of mandatory . . . enhancements," *id.* at 592, and because the defendant had already received a reduction in sentence on previous remand. *Id.* at 592-93.

acknowledging he "messed up"), J.A. at 48-49 (expressions of regret, cooperation with the investigation, and no identifiable victims), J.A. at 52 (detailing difficulties of Defendant's childhood), J.A. at 53 (indicating substance abuse problems)) Moreover, Defendant's memorandum in aid of sentencing requests that the "court . . . consider any fact which will allow the court to fashion a reasonable sentence" with respect to those factors. (J.A. at 9) The record in Defendant's case is notably devoid of *any* consideration of factors such as Defendant's personal history, the nature of his offense, or the need for the sentence to deter Defendant or others from future like crimes. Defendant's sentence is consequently unreasonable and, under *Caswell*, the district court's failure to sufficiently consider those factors cannot be harmless.[5]

Finally, the dissent relies upon *United States v. Harden*, No. 05-4079, 2006 WL 2373259 (6th Cir. Aug. 16, 2006) (unpublished), for the proposition that procedurally unreasonable sentencing at the district court does not affect a defendant's substantial rights. ("The import from these cases is clear: before this court may vacate a sentence for being procedurally unreasonable and remand for resentencing, we must consider whether the defendant's substantial rights have been affected by the district court's error.") Such reliance is misplaced. In fact, this Court reviewed the sentencing decision in *Harden* for plain error by relying on the fourth prong of the plain error inquiry to uphold defendant's sentence, and did not decide whether, under the third prong, the error affected the defendant's substantial rights. *Id.* at *5. In any event, *Harden*, an unpublished opinion, fails to provide any precedential guidance.

IV.

For the reasons set forth above, we **VACATE** Defendant's sentence and **REMAND** this case back to the district court for resentencing consistent with this opinion.

---

[5]The dissent characterizes remand in this case as a "futile exercise of marching up the sentencing hill again, only to hand down the same sentence and march back down." Far from a futile exercise, this Court *must* remand for resentencing when the district court makes it only part way up the 'sentencing hill' in the first instance and, in doing so, fails to leave a trail. That is to say: we cannot know whether the view from the top of the hill would in some way have altered Defendant's sentence, and absent some articulation on the record, we cannot review the district court's sentence for reasonableness as *Booker* requires this Court to do. *See Jackson*, 408 F.3d at 305.

---

**DISSENT**

---

GRIFFIN, Circuit Judge, dissenting. I respectfully dissent. In this sentencing appeal, defendant Timothy Undrae Johnson appeals his thirty-month, within-the-Guidelines sentence imposed by the district court following his plea of guilty to one count of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Johnson contends, and the majority agrees, that the district court erred by failing to fully take into account the sentencing factors enumerated in 18 U.S.C. § 3553(a). On appeal, the government argues that Johnson "has failed to develop any argument to establish how consideration of any of the sentencing factors . . . would affect the sentence that was imposed."[1] I agree. Because the error committed by the district court was harmless and therefore not error requiring reversal, I would affirm.

The majority concludes correctly that the district court failed to provide the necessary § 3553(a) analysis in its sentencing decision. Title 18 U.S.C. § 3553 requires a district court to consider the nature and circumstances of the offense and the history and characteristics of the defendant. *Id*. § 3553(a)(1). In *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005), we explained that district courts in a post-*Booker* era should explain the basis for their sentencing determinations. Although, undoubtedly, the review of specific § 3553(a) factors facilitates appellate review, "this court has never required 'the ritual incantation' of the factors to affirm a sentence." *United States v. Williams*, 436 F.3d 706, 709 (6th Cir. 2006) (quoting *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005)).

The problem in this case is that the district court did not explicitly address the § 3553(a) factors, choosing instead to rely solely on the Guidelines for support when noting that "a sentence of 30 months in the Bureau of Prisons is an appropriate sentence."[2] Nonetheless, the fact that there was error in Johnson's sentencing does not necessarily mean that he is entitled to resentencing. *See United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005). In the criminal context, mistakes made by the district court at trial or during sentencing are subject to harmless-error and plain-error analysis under Federal Rule of Criminal Procedure 52, which provides:

> (a) Harmless Error. Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.
>
> (b) Plain Error. A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.

FED. R. CRIM. P. 52; *see also United States v. Wilson*, 438 F.3d 672, 674-75 (6th Cir. 2006) ("[E]ven if we were to assume that the district court's failure to specifically discuss the appellate waiver with defendant in open court constituted a technical violation . . . the failure constitutes harmless error.");

---

[1] Although the government does not expressly use the words "harmless error," it makes a harmless error argument throughout its appellate brief. For example, in its final paragraph of argument on pp 9-10, the government asserts:

> The defendant makes no argument that the *sentence* was unreasonable, but rather *only* that the *method* followed by the district court in arriving at that sentence, somehow did not entail "reasonableness." The defendant has failed to establish either a factual or a legal basis which would constitute error by the district court in this sentencing; therefore, this issue is without merit.

[2] By noting that Johnson was a Zone D offender, the court – arguably – recognized tacitly that prison was the only "sentence available" to Johnson pursuant to 18 U.S.C. § 3553(a)(3).

*United States v. Copeland*, 321 F.3d 582, 603 (6th Cir. 2003) (errors at trial subject to harmless-error review under Rule 52(a)).

In *Booker*, the Supreme Court made clear that the inevitable sentencing challenges that would follow the Court's opinion continue to be subject to Federal Rule of Criminal Procedure 52:

> [W]e [do not] believe that every appeal will lead to a new sentencing hearing. That is because we expect reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the "plain-error" test. It is also because, in cases not involving a Sixth Amendment violation, whether resentencing is warranted or whether it will instead be sufficient to review a sentence for reasonableness may depend upon application of the harmless-error doctrine.

*United States v. Booker*, 543 U.S. 220, 268 (2005) (opinion of Breyer, J.); *see also United States v. McDaniel*, 398 F.3d 540, 546 (6th Cir. 2005) ("*Booker* instructs us to . . . apply 'ordinary prudential doctrines,' such as plain error and harmless error, in determining the appropriate disposition of *Booker*-based appeals."). The Court has since emphasized the need for appellate courts to perform harmless-error review to claims of error at trial and during sentencing. *See Washington v. Recuenco*, 548 U.S. —, 126 S. Ct. 2546, 2551 (2006) ("We have repeatedly recognized that the commission of a constitutional error at trial alone does not entitle a defendant to automatic reversal. Instead, 'most constitutional errors can be harmless.'") (quoting *Neder v. United States*, 527 U.S. 1, 8 (1999)).

We have heeded the Supreme Court's instruction in *Booker* and have continued to perform Rule 52 review to sentencing appeals. In our initial sentencing challenges following *Booker*, we applied harmless-error and plain-error review to sentences imposed upon the erroneous belief that the Guidelines are mandatory rather than advisory. We concluded that a defendant's substantial rights are not prejudiced where a district court issues an alternative sentence, identical to one based solely on the presumption that the Guidelines are mandatory. *See, e.g., United States v. Christopher*, 415 F.3d 590, 593-94 (6th Cir. 2005); *Wilson*, 438 F.3d at 675. Conducting Rule 52 review, we have also held that a defendant's substantial rights are not affected where the district court grants a substantial upward departure that increases a defendant's sentence above the Guideline recommended range, *United States v. Brown*, 444 F.3d 519, 522 (6th Cir. 2006), where a defendant's sentence was based upon a plea agreement entered into voluntarily by the defendant, *United States v. Webb*, 403 F.3d 373, 381-82 (6th Cir. 2005), or where the sentencing transcript so demonstrates that the district court wanted to "send a message" to the defendant that this court is "convinced that a more lenient sentence would not be imposed on remand given the district court's actions and explanation," *United States v. Alford*, 436 F.3d 677, 683 (6th Cir. 2006).

We have continued to apply Rule 52 review where the district court has correctly treated the Guidelines as advisory. In *United States v. Caswell*, we explained the proper approach to applying harmless- and plain-error review to reasonableness challenges:

> When the Guidelines are treated as advisory, there is no presumption of plain error or affect on the substantial rights of the parties. Thus, we analyze advisory Guideline sentences for reasonableness . . . to determine whether error was committed. It is only after this analysis that we can determine whether any error was plain or whether it affected the substantial rights of the parties.

456 F.3d 652, 656 n.1 (6th Cir. 2006). We have therefore reviewed for harmless or plain error claims of substantive unreasonableness, *United States v. Gardiner*, Nos. 05-1247, 1248, — F.3d —, 2006 WL 2597365, at *10-11 (6th Cir. Sept. 12, 2006), and procedural unreasonableness, *United*

*States v. Blackwell*, 459 F.3d 739, 773-74 (6th Cir. 2006); *United States v. Cruz*, 461 F.3d 752, 753 (6th Cir. 2006) ("[A]ny error in describing the [aim of sentencing as imposing a "reasonable" sentence] was harmless.").

In particular, we have performed Rule 52 review where – as here – the district court inadequately explains the basis of its sentencing determination. *See United States v. Harden*, No. 05-4079, 2006 WL 2373259 (6th Cir. Aug. 16, 2006) (unpublished). In *Harden*, the appellant argued that his sentence was procedurally unreasonable because the district court did not explain its application of any of the § 3553(a) factors during sentencing. *Harden*, 2006 WL 2373259 at *3. We agreed, noting that although the district court "repeatedly stated that it had considered the § 3553(a) factors as well as the advisory Guidelines," it had failed to state its reasoning or explain which § 3553(a) factors it found relevant and how they related to its sentencing determination. *Id.* at *4. We then considered whether the district court's error required that Harden be resentenced. Reviewing for plain error, we assumed that the court's error was plain and that it affected Harden's substantial rights, but nonetheless concluded that resentencing was unnecessary because the court's error did not "seriously affect[] the fairness, integrity, or public reputation" of the appellant's sentencing proceedings and therefore did not constitute plain error. *Id.* at *5 (quoting *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)).[3]

The import from these cases is clear: before this court may vacate a sentence for being procedurally unreasonable and remand for resentencing, we must consider whether the defendant's substantial rights have been affected by the district court's error.[4] An error will require resentencing only if it affects the defendant's substantial rights. In my view, the district court's failure to address the § 3553(a) factors during Johnson's sentencing did not affect his substantial rights and was, therefore, harmless error. As the government notes correctly on appeal, Johnson doesn't propose what factor, in particular, the sentencing court *should* have considered. A review of defense counsel's memorandum in aid of sentencing reflects counsel's concerns regarding the following: (1) the PSR's characterization of portions of Johnson's criminal record, (2) the need for Johnson to receive long-term substance abuse treatment, and (3) the location where Johnson would serve his sentence (counsel requested that Johnson serve his term at a minimum security facility).[5] Beyond

---

[3]The majority argues that my reliance on *Harden* is misplaced because the *Harden* court assumed that the defendant's substantial rights were prejudiced by the district court's error. *Harden*, 2006 WL 2373259 at *5. I do not cite to *Harden* for the proposition that a defendant's substantial rights are unaffected when a district court fails to adequately explain its consideration of § 3553(a), but rather to illustrate that this court customarily conducts Rule 52 review to claims of procedural unreasonableness. Moreover, unlike here, the appellant in *Harden* argued to the district court at the sentencing hearing that a lighter sentence was appropriate in light of the § 3553(a) factors because "the career offender designation overstated his criminal history," "because the instant offense was outside the heartland of the Guidelines," and "because Harden was a victim of police misconduct during his arrest." *Id.* at *4. Thus, there may have been reason in *Harden* to assume that the defendant's substantial rights were prejudiced by the district court's error. The record suggests that no such assumption is appropriate here.

[4]*Compare* FED. R. CRIM. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."), *with* FED. R. CRIM. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). Under either approach, although the burdens of *persuasion* differ, the defendant's substantial rights must nevertheless be affected in order for resentencing to be proper. *See United States v. Olano*, 507 U.S. 725, 734-35 (1993).

[5]None of these concerns suggest that Johnson would receive a shorter sentence on remand. At the sentencing hearing, Johnson's counsel argued that the appropriate sentence range, based on Johnson's criminal history and as computed by the Guidelines, was twenty-seven to thirty-three months; the government argued that the appropriate range was thirty to thirty-seven months. The district court imposed a sentence of thirty months, which it deemed appropriate, in part, because it was permitted under either calculation. On appeal, Johnson does not challenge the district court's conclusion that the appropriate range was thirty to thirty-seven months. Johnson, therefore, received the shortest possible sentence within the Guidelines range.

that, however, the memorandum declines to highlight for the court any aspect of, for example, Johnson's family history, criminal history, or mental stability. Instead, the memorandum merely states in general terms that "[t]he sentencing court is now required to consider any fact which will allow the court to fashion a reasonable sentence for the conduct."

The sentencing transcript reflects the same problem. Defense counsel chose to focus almost exclusively on a perceived problem with the criminal history category assigned to Johnson, and at no point did she direct the district court's attention to a particular aspect of Johnson's subjective situation meriting the court's consideration and corresponding attention for sentencing purposes. Indeed, other than remind the court of defense counsel's request that Johnson receive substance abuse treatment, counsel declined even to renew arguments regarding the facility where Johnson would serve his sentence.

On appeal, Johnson has failed to show what, if anything, the district court should have done at sentencing and, more importantly, what it would have to do at a resentencing. Faced with similar circumstances, we have declined to remand for resentencing. *See United States v. Christopher*, 415 F.3d 590, 594 (6th Cir. 2005) (concluding remand for resentencing inappropriate where case had been remanded earlier solely to provide more detailed findings concerning the amount of loss caused by defendant's crimes and where defendant did not "offer[] any explanation on appeal as to what factors listed in § 3553(a) the district court should have considered, or how these factors would have made a difference in the sentence he received."). Because the record contains no indication that Johnson's substantial rights were affected by the district court's error, I would hold that the nonconstitutional error committed by the district court was harmless under either a plain-error or harmless-error analysis. FED. R. CRIM. P. 52; *United States v. Olano*, 507 U.S. at 735.

Johnson's thirty-month sentence is within the Guidelines and, therefore, is afforded a rebuttable presumption of reasonableness. *United States v. Williams*, 436 F.3d 706 (6th Cir. 2006). By not even arguing the particular § 3553(a) considerations that may benefit him at resentencing, Johnson has failed to rebut the procedural and substantive reasonableness of his sentence. *Id*. at 708. *See also United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

Under these circumstances, as appellate judges, we should decline to engage the trial court in the futile exercise of marching up the sentencing hill again, only to hand down the same sentence and march back down. *United States v. Tucker*, 404 U.S. 443, 449-52 (Blackmun, J. dissenting).

For these reasons, I respectfully dissent. I would affirm.

---

Nor would Johnson's need to receive long-term substance abuse treatment affect the length of Johnson's sentence on remand. At the hearing, the district court recommended that Johnson enter a long-term drug treatment program – provided that Johnson qualified for the program – and ordered Johnson to participate in a drug and alcohol treatment program upon Johnson's release from prison. Johnson, therefore, received the medical care that he requested, and this factor would not result in a shorter sentence for Johnson on remand. *See* 18 U.S.C. § 3553(a)(2)(D) (directing courts to consider at sentencing, *inter alia*, the need to "provide the defendant with needed . . . medical care").

Finally, Johnson's concern about the location where Johnson would serve his sentence was not renewed at the sentencing hearing, nor does it correlate to a § 3553(a) factor that the district court would consider on remand in determining the length of an appropriate sentence.