CLAY, Circuit Judge,
concurring.
I concur. In light of his reliance on the factors set forth in 18 U.S.C. § 3553(a) at sentencing and his clear indication that he could “go above, beyond, or anywhere [he wanted] from the guidelines,” the district court judge’s statement that he “used the guidelines as a presumptive sentencing tool” does not render Defendant’s sentence unreasonable. However, I write separately to note that such language is to be avoided inasmuch as district courts in sentencing should not treat the Guidelines range as presumptively reasonable, even if this Court affords Guidelines sentences a rebuttable presumption of reasonableness. See United States v. Richardson, 437 F.3d 550, 554 (6th Cir.2006) (“This rebuttable presumption does not relieve the sentencing court of its obligation to explain to the parties and the reviewing court its reasons for imposing a particular sentence.”); United States v. Foreman, 436 F.3d 638, 644 n. 1 (6th Cir.2006) (“[A] district court’s job is not to impose a “reasonable” sentence. Rather, ... [reasonableness is the appellate standard of review in judging whether a district court accomplished its task.”); United States v. Cage, 458 F.3d 537, 548 (6th Cir.2006) (Clay, J., dissenting) (“It is not the district court’s job to assume the reasonableness of a Guidelines sentence.”). Rather, the district court should consider the advisory Guidelines range “as one factor of several laid out in § 3553(a).” United States v. Johnson, 467 F.3d 559, 563 (6th Cir.2006) (citing United States v. Jackson, 408 F.3d 301, 304 (6th Cir.2005)) (internal quotations omitted).