**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name:  07a0326n.06
Filed:  May 9, 2007

No. 05-4529

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| Plaintiff-Appellee, | ) | STATES DISTRICT COURT FOR |
| | ) | THE  NORTHERN DISTRICT OF |
| v. | ) | OHIO |
| | ) | |
| TURHAN MITCHELL, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

Before:  GILMAN, SUTTON, Circuit Judges; and TARNOW, District Judge[*]

PER CURIAM.  Defendant-Appellant Turhan Mitchell was convicted after pleading guilty to possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  He was sentenced to 90 months (7 years, 6 months) incarceration. Mitchell appeals his sentence as unreasonable, because the district court imposed a sentence near the high end of the Sentencing Guidelines, and failed to address a defense request for a low-end Guidelines sentence.

_____

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

Because the district court sentencing record was adequate, and because the court was not obligated to explain its refusal to impose an alternative, requested sentence, we AFFIRM the district court's sentencing decision.

I.

When Cleveland police officers executed an arrest warrant for Mitchell, on January 12, 2005, he was found in possession of a loaded .380 caliber semi-automatic pistol. Because of a number of prior felony convictions, Mitchell was charged with one count of violating 18 U.S.C. § 922(g)(1).

Represented by counsel, Mitchell pleaded guilty. His plea was approved by the district court. A sentencing hearing, at which defense counsel was also present, was held on March 27, 2005.

The sentencing hearing lasted 45 minutes. The district court made a point of reviewing the pre-sentence report in detail to permit the defendant to bring to the court's attention anything he considered important. The court confirmed defendant's age (22 at the time of sentencing), his 9th-grade education, and that he was a father of one, with another child on the way. The court also reviewed the defendant's family history. Defendant was raised by his grandmothers. His father was incarcerated most of defendant's life, and died in prison, and his mother was a drug

abuser who had only a limited role in his life.

The court discussed Mitchell's own substance abuse, his minimal employment history, and a diagnosis of depression. It agreed with defense counsel that Mitchell's ability to read and write Arabic was noteworthy, and indicated potential employment opportunities.

Defendant's criminal history was calculated to be a Category VI, and the offense level points, 21. As a result, the guideline range was calculated to be 77 to 96 months (6 years, 5 months to 8 years). There were no objections to that calculated range.

The district court sentenced Mitchell to 90 months (7 years, 6 months), near the high end of the range, despite his request for a low end sentence. While acknowledging the factors defendant argued supported a lesser sentence, the court found his record to date "appalling," a "serious violent criminal history" developed by the age of 22. Reviewing that record, the court observed that it "look[ed] at how many times you were in front of a court and people just sort of gave you a sentence and then let you go, and you went right back to doing what you were doing."

The court went on to review the sentencing factors, including the nature of the offense, the defendant's characteristics, his threat to the community, and the need for

deterrence. In addition to the 90-month sentence, the court ordered a mental health evaluation in prison, and a substance abuse outpatient program during supervised release.

II.

Mitchell challenges the sentence imposed by the district court on the grounds that it is unreasonable. He argues that the district court erred by not expressly addressing why it rejected his request for a low end sentence.

Sentences are reviewed on appeal for "reasonableness." *United States v. Johnson*, 467 F.3d 559, 563 (6th Cir. 2006). When a sentence is reviewed for reasonableness, the court looks at both substantive and procedural reasonableness. *United States v. Dexta*, 470 F.3d 612, 614 (6th Cir. 2006). That inquiry "requir[es] review of both the procedures used and factors considered in determining the sentence and the punishment itself." *Id.*

A sentencing court must document its reasoning on the record, to permit reasonable appellate review. *Id.* A sentence will be found procedurally reasonable if the record indicates that the court considered the relevant factors. *Id*. at 614-15 (internal citations omitted). The factors generally considered in a reasonableness review include, *inter alia*, the nature and circumstances of the offense; the

defendant's history and characteristics; appropriate considerations of the sentence itself, such as deterrence and protecting the public; and vocational and educational support for the defendant, as well as medical or other treatment. *United States v. Richardson*, 437 F.3d 550, 554 n.1 (6th Cir. 2006) (quoting 18 U.S.C. § 3553(a)(1)-(2)). The court need not explicitly address each factor, nor is a "rote listing" or "ritualistic incantation" required. *Dexta*, 470 F.3d at 615.

In addition, if a sentencing court provides an adequate record that explains why a particular sentence was imposed, it need not "exhaustively explain" why an alternative sentence was not chosen. *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006). *Gale* acknowledged that remand may be appropriate if the district court record suggests that a meritorious argument for a lesser sentence was not considered. *Id*. However, district courts are not obligated to address expressly every argument raised by the defendant. "A sentencing judge has no more duty than we appellate judges do to discuss every argument made by a litigant." *Id*. (quoting *United States v. Cunningham*, 429 F.3d 673, 678 (7th Cir. 2005)).

Contrary to Mitchell's claim that the court disregarded his arguments, the record indicates that it did address them. On the issue of his family responsibilities, the court encouraged him to get his GED while in prison, and continue to develop his

language skills, to be able to support his children. It ordered a mental health evaluation, in response to defendant's diagnosis of depression. And it expressly confirmed with the defendant the information relating to his childhood and upbringing.

The district court reviewed the relevant factors before sentencing. It provided its reasoning for the sentence chosen, especially the defendant's serious record, the potential for rehabilitation in prison, and the need for deterrence. Following *Gale*, because the record supporting the sentence is adequate, the court did not need to "exhaustively explain" why another sentence was not selected.

III.

We AFFIRM the district court.