NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0520n.06
Filed: July 20, 2007

No. 05-1936

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ROY ALLEN ROBINSON, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

**Before: SILER, GILMAN, and GRIFFIN, Circuit Judges.**

**RONALD LEE GILMAN, Circuit Judge.** This is a direct appeal from a jury verdict that found Roy Allen Robinson guilty of being a felon in possession of ammunition. Robinson alleges that (1) he received constitutionally ineffective assistance of counsel, and (2) the district judge imposed an unreasonable and inadequately explained sentence. For the reasons set forth below, we **DENY** Robinson's ineffective-assistance-of-counsel claim as premature, but **AFFIRM** the judgment of the district court.

## I. BACKGROUND

**A.     Factual background**

Early in the morning of July 4, 2003, Detroit police officers Walter Harris and Glen Johnson drove in their squad car to the area of Mt. Elliott and Selkirk Streets in Detroit. They were investigating a report that a vehicle was being stripped. When they arrived, the officers observed five or six men "crouched" in the street near a parked car. Officer Johnson, who was driving, turned on his bright lights to temporarily "blind" the men and to disguise the squad car. One of the men in the group stood, pocketed what appeared to be dice and some money, and ran into a neighboring house as the officers exited their vehicle. The other men obeyed the officers' instructions to stand against the parked car and place their hands on its top.

Officer Harris shone his flashlight on the men while Officer Johnson began to frisk them for weapons. During this time, Harris noticed that one of the men, later identified as Robinson, was attempting to put his right hand into his right pants' pocket. Harris warned Robinson to keep his hands on the car, but Robinson again attempted to put his hand in his pocket. After warning Robinson once more, Harris moved to stand directly behind him. Robinson then ran into an adjacent vacant lot that was littered with debris. Harris chased Robinson into the field, ordering Robinson to stop. According to his trial testimony, Harris observed Robinson trip and fall on some debris, roll, get back to his feet, and continue running. By this point, Harris had drawn his service weapon and was pointing it at Robinson. Harris ordered Robinson to show his hands. Robinson allegedly reached into his right pocket and pulled out a handgun and pager, which he dropped on the ground. Officer Harris testified that he then began to struggle with Robinson, wrestling him to the ground in an attempt to handcuff him.

Around this time, Officer Johnson removed a shotgun from the trunk of the squad car and "racked" it, which places a round in the chamber and makes a distinctive sound. Harris testified that Robinson stopped struggling when he heard the sound of the shotgun being racked. After handcuffing Robinson, Harris searched for additional weapons and found a knife in Robinson's left front pocket. Johnson arrived in the field to assist Harris and observed Harris retrieve a gun from the ground. Harris testified that the gun was loaded and had a bullet in the chamber. Johnson's location when he racked the shotgun, and whether Johnson ever observed Robinson with a gun, were disputed facts at trial.

Robinson was arrested and taken to the precinct police station. At some point during the booking process, he allegedly said to Officer Harris: "At least I didn't pull the gun on you all. Just get me for the knife." Robinson was charged with being a felon in possession of ammunition, apparently because the government could not establish an interstate nexus to the gun itself. The parties stipulated that no identifiable fingerprints were recovered from either the gun or the ammunition.

**B.     Trial issues**

In his opening statement, Robinson's trial counsel told the jury that "we expect [Robinson] will testify in this case. . . . He's going to get on the witness stand and he is going to testify truthfully." Defense counsel then told the jury what he expected Robinson would say in his testimony, including that he was not involved in any wrongdoing and never had a gun. As part of his case, defense counsel did call Robinson to the stand, but asked him only to state his name on the record, then dismissed him with no further questions. Defense counsel advised the judge that this

was a "technique that [he had] used over a number of years" to preclude the prosecution from asking his clients questions about their prior convictions.

When offered the opportunity to cross-examine Robinson, the government stated that Rule 611(b) of the Federal Rules of Evidence prevented it from asking any questions, and that it accordingly had no questions. Rule 611(b) provides that "[c]ross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination."

Defense counsel later asked the district court to either give an instruction regarding Rule 611 or to "reaffirm" to the jury that statements by lawyers are not evidence. The court responded by noting that it had already informed the jury in its preliminary jury instructions that statements and argument by lawyers are not evidence, and declined to offer an additional instruction. In his closing argument, defense counsel did not explain why Robinson had not testified as counsel had promised during the opening statement. He commented instead on Robinson's "posture" and the fact that he "stood up like a man" when he took the stand.

## C.     Robinson's sentencing hearing

According to the Presentence Report (PSR), Robinson's total offense level was 24 and he fell in criminal history category IV. These factors yielded a Sentencing Guidelines range of 77 to 96 months of imprisonment. No objections were filed to the PSR prior to sentencing. Robinson told the court under oath that he had reviewed the PSR with his counsel and wished to make no corrections or modifications to its contents. When asked directly about certain details of his criminal

history, however, Robinson reported that the PSR misstated the dates of a previous offense and sentence, but was otherwise "substantially correct." Both Robinson and his attorney urged the court to look beyond the criminal history points arising from his convictions that were more than ten years old and to focus on the positive steps that Robinson had taken to "be on the right track."

The district judge followed the then-prevailing practice in the fall of 2004 and imposed alternative sentences, one based on the Sentencing Guidelines and an alternative in the event that the Supreme Court found the Guidelines "ineffective or inapplicable or unconstitutional in some form or another." After noting that he was "obliged under the law" to take Robinson's past criminal activity into account, the district judge then imposed a sentence of 77 months' imprisonment under the Guidelines and recommended assignment to a facility with a comprehensive drug-treatment program. The alternative sentence was identical to the Guidelines sentence.

When asked if he understood his sentence, Robinson stated that he had expected, based on his conversations with a probation officer, a sentence in the range of 18 to 27 months:

> I was under the impression that by it being ammunition, I thought it was a year to 27 months all while we was going through this. When I had my Presentence Report, I talked to them real good and they said my working and everything, that's what was said, 18 to 27 months. That's what I was under the understanding.

The district court explained that Robinson's criminal history points put him in the Guidelines range of 77 to 96 months. Robinson continued to state that he had been told to expect a range of 18 to 27 months. According to the government, Robinson had spoken with the Probation Office before his criminal history points had been determined. Defense counsel said that he had been unaware that Robinson expected a shorter sentence, and asked the court to delay entering the judgment for a

period of time. The court declined to do so and instead advised Robinson's attorney to file a motion seeking a modification of the sentence if he believed that such a motion was warranted. No such motion was ever filed.

Robinson now appeals, alleging that (1) his trial counsel provided ineffective assistance when he promised the jury that Robinson would testify truthfully about the facts of his case but failed to put Robinson on the stand for that purpose, and (2) the case should be remanded for resentencing because there is insufficient evidence in the record to allow for effective appellate review.

## II. ANALYSIS

### A. Standard of review

As a general rule, a claim of ineffective assistance of counsel should not be raised for the first time on direct appeal. *United States v. Aguwa*, 123 F.3d 418, 423 (6th Cir. 1997) (holding that the record on direct appeal was insufficiently developed to permit the appellate court to assess the merits of the claim) (quotation marks and citation omitted). "[I]neffective-assistance claims ordinarily will be litigated in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial." *Massaro v. United States*, 538 U.S. 500, 505 (2003). This court has made rare exceptions to this general rule where the record has been adequately developed in the district court. *See, e.g.*, *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995) (taking up the issue of ineffective assistance of counsel on direct appeal where the district court had denied the defendant's motion for a new trial after holding an evidentiary hearing).

The sentence imposed in a criminal case will be reviewed for reasonableness. *United States v. Booker*, 543 U.S. 220, 261-63 (2005). A sentence within the properly calculated Guidelines range receives a rebuttable presumption of reasonableness. *Rita v. United States*, 127 S. Ct. 2456, 2463-65 (2007). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id*. at 2468. Where the arguments are "straightforward" and "conceptually simple," a brief statement of reasons may be "legally sufficient." *Id.*

## B.     Ineffective assistance of counsel

Robinson argues that his conviction should be vacated and his case remanded for a new trial because his trial attorney was constitutionally ineffective. He points out that his trial attorney told the jury during his opening statement that Robinson would take the stand and "testify truthfully" to the relevant facts. But in fact Robinson did not testify as to anything regarding his case.

Robinson contends that his attorney's performance was well below the range of professionally competent assistance and was in fact objectively unreasonable. The defense theory of the case was that the police officers were not credible. Robinson argues that his attorney's failure to present Robinson's account of the events leading to his arrest, despite telling the jury that Robinson was expected to so testify, was "egregiously ineffective" and undermined the defense theory. This "broken promise," according to Robinson, constitutes constitutionally ineffective assistance of counsel.

Robinson relies on a Seventh Circuit case, *United States ex rel. Hampton v. Leibach*, 347 F.3d 219 (7th Cir. 2003), which held that an attorney's failure to deliver on a promise that the

defendant would testify could be both unreasonable and prejudicial. *Id*. at 257-60. But *Hampton* involved an appeal from a district court judgment granting the defendant's petition for habeas corpus, based in part on findings from an evidentiary hearing. *Id*. at 229-34. Both the defendant and his trial attorney had testified at the evidentiary hearing, developing a detailed record on the ineffective-assistance-of-counsel claim. *Id*.

The record in the present case, however, contains only the trial transcript, which Robinson quotes extensively in his brief to this court, and Robinson's recitation of the *Strickland* standard for a finding of ineffective assistance of counsel. "As in most direct appeals, . . . the record contains scant information" concerning the investigation, analysis, and strategy of Robinson's counsel. *See United States v. Bradley*, 400 F.3d 459, 461 (6th Cir. 2005). Without such information, we conclude that the record is inadequately developed for us to make a ruling on this issue.

## C.     Reasonableness review

The sentencing hearing in this case took place on December 14, 2004. On this post-*Blakely* but pre-*Booker* date, the district court began by explaining its post-*Blakely* practice of imposing two sentences in criminal cases, one based on the Sentencing Guidelines and an alternative "in the event that the Supreme Court determines . . . that the current Sentencing Guidelines are ineffective or inapplicable or unconstitutional in some form or another." The district court stated that it was "obliged under the law" to consider Robinson's criminal history in determining the sentence. Next, the court noted that the statutory maximum sentence was 10 years, but that the Guidelines contemplated a 77 to 96 month sentence range. With little further discussion, the court imposed a sentence of 77 months in prison and recommended that Robinson be placed at a facility near his

family that offered a comprehensive drug treatment program. The alternative sentence was "essentially and substantively" identical.

*Booker* has since rendered invalid the district court's primary sentence, which assumed that the Guidelines were mandatory. But this court has held that such a *Booker* violation is harmless where the district court adequately articulates an identical alternative sentence. *United States v. McBride*, 434 F.3d 470, 473 (6th Cir. 2006) (finding any *Booker* error in the district court's enhancement of the sentence based on impermissible factfinding to be harmless because the court articulated an identical alternative sentence in anticipation of *Booker*). Robinson does not argue to the contrary on appeal. We must still determine, however, if the alternative sentence is reasonable. *Id*.

A within-Guidelines sentence is entitled to a nonbinding presumption of reasonableness. *Rita*, 127 S. Ct. at 2463. The district court need not ritualistically recite each factor provided in 18 U.S.C. § 3553(a), "but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review." *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005).

This court recently vacated and remanded for resentencing a judgment where the district court failed to evince any consideration of the § 3553(a) factors in imposing a sentence that fell within the applicable Guidelines range. *United States v. Johnson*, 467 F.3d 559, 563 (6th Cir. 2006) (holding that "the district court's sentence [was] not procedurally reasonable" where the district court "provide[d] no indication at all of why it felt that Defendant's sentence was appropriate, other than to state that it was appropriate under the Guidelines"). The weight that we should give to *Johnson* is uncertain in light of the Supreme Court's decision in *Rita*. But we need not reach that issue

because we conclude that the district court sufficiently considered the § 3553(a) factors in imposing a sentence on Robinson.

The district court below implicitly adopted the findings of the PSR, which assigned an offense level of 24 and a criminal history category of IV to Robinson. As a result, the court properly found that the applicable Sentencing Guideline range was 77 to 96 months' imprisonment. The district court addressed Robinson's criminal history and his characteristics, including the fact that the sentence was affected by "criminal activity [that] occurred a number of years ago." In the sentence, the district court recommended that Robinson be assigned to facility near his family so that they might be able to visit. The court also recommended a facility with a comprehensive drug treatment program. As the Supreme Court stated in *Rita*, "[w]e acknowledge that the judge might have said more." 127 S. Ct. at 2469. But the *Rita* court also stated that "[w]here a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively." *Id*. We thus conclude that the record in the present case satisfies, albeit barely, the requirements of *Rita*.

### III. CONCLUSION

For all of the reasons set forth above, we **DENY** Robinson's ineffective-assistance-of-counsel claim as premature, but **AFFIRM** the judgment of the district court.