**NOT RECOMMENDED FOR PUBLICATION**
File Name: 07a0667n.06
Filed: September 7, 2007

**No. 05-4137**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| TYRONE GRANT, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: SILER, and SUTTON, Circuit Judges; JORDAN, District Judge.[*]

**SILER, Circuit Judge**. Defendant Tyrone Grant appeals his conviction and sentence for

robbery, in violation of 18 U.S.C. § 1951(a) (the "Hobbs Act"), use of a firearm during a crime of

violence, in violation of 18 U.S.C. § 924(c), and being a convicted felon in possession of a firearm,

in violation of 18 U.S.C. § 922(g)(1). Grant argues that the government failed to produce sufficient

evidence to satisfy the interstate commerce element of the Hobbs Act. He also claims his sentence

is procedurally and substantively unreasonable because the district court imposed a high-end

Guidelines sentence without discussing the 18 U.S.C. § 3553(a) factors. We AFFIRM.

**BACKGROUND**

---

[*]The Honorable R. Leon Jordan, United States District Judge for the Eastern District of
Tennessee, sitting by designation.

In 2005, Grant robbed Matthew McBride, a Pizza Works delivery person, while McBride was making a delivery. Grant waved a gun at McBride and instructed him to put down the pizza and turn around. Grant then rifled through McBride's pockets and stole his wallet, containing forty dollars, a driver's license, and credit cards. Grant also told him to throw the Pizza Works money bag to the ground. The bag contained a check for $17.99, along with an undetermined amount of cash.

McBride called 911, and police responded to the scene. They recovered a trench coat behind a nearby home that had in the pockets a loaded .32 caliber pistol, a check for $17.99, a five dollar bill, and miscellaneous change. Police also found a piece of paper that had written on it the phone number of Pizza Works and the address for 60 Labelle Street, where the delivery was to be made. Grant was arrested shortly thereafter, and McBride identified him as the person who had robbed him.

Grant was first charged in Ohio state court for the robbery and weapon possession. He was later indicted in federal district court for robbery under the Hobbs Act (Count One), for firearm use during a crime of violence (Count Two), and for possession of a firearm while under a disability (Count Three).

At trial, the government relied on the testimony of Andrew Pettitt, the owner of Pizza Works, to establish the interstate commerce nexus to the robbery of McBride. Pettitt testified that his restaurant was one of four Pizza Works franchises, all of which are in Ohio. Pizza Works had an exclusive contract with Coca-Cola, requiring all beverages to be purchased from that company. Pettitt testified that his Coca-Cola payment was sent to Chicago, although he got the product from a local distributor. Pettitt also testified that several of his utility providers are based outside of Ohio, and that his grease removal company was believed to be based in Virginia. He further stated that

Pizza Works accepted credit cards as payment, using "Concord for the machining, EFS for the processing system." Although unsure where these companies are located, Pettitt stated that he knew they are national companies outside of Ohio.

Grant was found guilty on all three counts and sentenced to a concurrent term of fifty-one months on Counts One and Three and a consecutive sentence of seven years on Count Two.

## DISCUSSION

### A. Hobbs Act Conviction

Grant's first argument on appeal is that the evidence at trial was insufficient to establish the interstate commerce requirement of the Hobbs Act. We consider "whether, after viewing the facts in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Sykes*, 292 F.3d 495, 498-99 (6th Cir. 2002) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

The Hobbs Act provides that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion" is guilty of a federal offense. 18 U.S.C. § 1951(a). This language has been construed as requiring only a *de minimus* effect on interstate commerce. *See United States v. Chance*, 306 F.3d 356, 374 (6th Cir. 2002). However, in *United States v. Wang*, 222 F.3d 234, 238 (6th Cir. 2000), we held that where the criminal act is directed at an individual, "the required showing is of a different order than in cases in which the victim is a business entity." Grant contends that his case falls within this exception. He emphasizes that the robbery took place on the street, and McBride's wallet was the first thing he searched for and seized.

Grant's argument ignores the remaining evidence presented at trial. Regardless of whether McBride's personal money was stolen, McBride was targeted because of his position as a delivery person for Pizza Works. He was making a delivery at the time of the robbery. Grant asked McBride if the bag he was carrying was the money bag. Clearly Grant knew McBride was a pizza delivery person employed by Pizza Works. Furthermore, the piece of paper found in Grant's coat pocket had the phone number for Pizza Works and the address "60 Labelle," the location of the delivery, written on it. Grant intended to rob both McBride and Pizza Works.

Grant also asserts that the evidence was insufficient to establish even a *de minimis* connection to interstate commerce. The instant case is quite similar to *United States v. Davis*, 473 F.3d 680 (6th Cir. 2007). In *Davis*, this court upheld a Hobbs Act extortion conviction of a police officer who had demanded payments totaling $300 from a Tennessee bar owner in exchange for refraining from harassing customers. *Id.* at 681. The only evidence regarding the interstate commerce connection was the statements by the bar's owner that "'a lot of times the alcohol would come from a retail distributer . . . in Dalton, Georgia' and that the bar's customers traveled interstate from areas including 'Atlanta,' 'Kentucky,' and 'Virginia.'" *Id.* at 683. Even so, we held that the Hobbs Act *de minimis* standard was satisfied. *Id.* at 684.

Here, as in *Davis*, the owner of the business provided the only testimony relating to the interstate commerce element. Just as the bar owner in *Davis* bought some beverages from an out-of-state retailer, so too Pettitt purchased Coca-Cola products from out of state. Pettitt also claimed that several of his utility providers and his grease removal company are based outside of Ohio. He further testified that his customers paid using credit cards and those transactions were processed by

a national company. Although Pettitt certainly could have been more precise concerning the exact location of his suppliers and service providers, a rational trier of fact could find the *de minimis* standard was satisfied.

Grant attempts to bolster his argument by noting that the government never determined the precise amount stolen from Pizza Works. The only known figure was the recovered check in the amount of $17.99. Pettitt and McBride could only estimate how much cash was in the money bag that night. Grant surmises that the government's ability to demonstrate how stolen funds affected interstate commerce was dependent on the government's ability to prove the exact amount stolen. Grant overstates the government's burden. The government need not trace each stolen dollar to a future interstate purchase. "There is no requirement that there be an actual effect on interstate commerce – only a *realistic probability* that a[] [Hobbs Act violation] will have an effect on interstate commerce." *United States v. Peete*, 919 F.2d 1168, 1174 (6th Cir. 1990) (emphasis in original). Moreover, even a small amount of money can meet the *de minimis* standard. *Davis*, 473 F.3d at 684.

## B. Sentencing

Grant next argues that his sentence is procedurally and substantively unreasonable because the district court imposed a sentence at the high end of the Guidelines range but failed to analyze and apply the 18 U.S.C. § 3553 factors. Where, as here, a sentence falls within the advisory Guidelines range, we apply a rebuttable presumption of reasonableness. *See, e.g.*, *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006), *cert. denied*, 127 S.Ct. 3043 (2007). However, "[e]ven when selecting a presumptively reasonable sentence within the Guidelines range, a district court must 'articulate[]

its reasoning sufficiently to permit reasonable appellate review, specifying its reasons for selecting' the specific sentence within that range." *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006) (quoting *Williams*, 436 F.3d at 709).

We review Grant's procedural challenge for plain error. After discussing the Presentence Report ("PSR"), the district court asked both parties whether they had "any other objections," to which both counsel replied that they did not. Before imposing the sentence, the court asked the attorneys if they had "[a]nything further." Grant's attorney stated, "We don't want to make a comment." The district court thus complied with the procedural rule announced in *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004), and Grant forfeited his opportunity to make a procedural reasonableness objection.

The Guidelines range was forty-one to fifty-one months, and Grant received a sentence of fifty-one months. The district court made no reference to the § 3553(a) factors and provided no explanation as to why it imposed a sentence at the high end of the range. However, Grant made no argument in support of a lesser sentence and cited no relevant factor that would have benefitted him at sentencing. Consequently, the government contends, the district court was not required to specifically state why it rejected a low-end range.

As the sentencing court did in *Rita v. United States*, 127 S.Ct. 2456 (2007), the district court here "listened to each argument" and "considered the supporting evidence." *Id*. at 2458. Unfortunately, there was no argument, other than an objection to an adjustment for obstruction of justice under USSG § 3C.1, which the court sustained. Otherwise, Grant's attorney made no argument and presented no evidence. Moreover, as in *Rita*, the "judge might have said more." 127

S.Ct. at 2469. "Where a matter is conceptually simple. . . and the record makes clear that the sentencing judge considered the evidence and arguments," the court need not be more extensive in its remarks. *Id*.

In *United States v. Johnson*, 467 F.3d 559 (6th Cir. 2006), we were presented with a situation where, as here, the district court neglected to consider the § 3553(a) factors, but the defendant failed to assert how consideration of any of the factors would affect his sentence. *Id*. at 564-65. We held that "[a]bsent such articulation on the record that the § 3553(c) factors were considered, we are unable to review Defendant's sentence for reasonableness. . . ." *Id*. at 564.

This case differs from *Johnson*, however, because here we are applying plain error review. In *Johnson*, the district court failed to provide the parties an opportunity to object, and, therefore, the defendant was not required to demonstrate plain error. *Id*. at 564 n.3.

Grant gave no indication that he was prejudiced by the district court's failure to analyze the statutory factors. Aside from his conclusory statement that the court should have selected a sentence at the low end of the sentencing range, he provided no justification for a more lenient sentence. Furthermore, the PSR provided "no information regarding the offender or offense that would warrant a sentence outside the advisory guideline range." Therefore, under plain error review, we reject Grant's procedural reasonableness claim.

Grant's argument concerning substantive reasonableness likewise fails. There is no evidence that the district court considered impermissible factors, ignored any pertinent factors, or was unreasonably influenced by any particular factor. *Webb*, 403 F.3d at 385. Thus, Grant's sentence is substantively reasonable and not arbitrary.

No. 05-4137
United States v. Grant

     AFFIRMED.