RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 07a0259p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　*Plaintiff-Appellee,*

　　　*v.*

MICHELLE LANESKY,

　　　　　*Defendant-Appellant.*

> No. 05-2228

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 03-80558—Arthur J. Tarnow, District Judge.

Argued: December 5, 2006

Decided and Filed: July 11, 2007

Before: BATCHELDER, GILMAN, and ROGERS, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Mark J. Kriger, LaRENE & KRIGER, Detroit, Michigan, for Appellant. Cynthia J. Oberg, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** Mark J. Kriger, N.C. Deday LaRene, LaRENE & KRIGER, Detroit, Michigan, for Appellant. Cynthia J. Oberg, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

_____

## OPINION

_____

ALICE M. BATCHELDER, Circuit Judge. Michelle Lanesky pled guilty to one count of conspiracy to commit bank fraud and launder the proceeds, in violation of 18 U.S.C. §§ 371, 1956 & 1957, and one count of bank fraud, in violation of 18 U.S.C. § 1344. The district court sentenced her to two concurrent terms of 36 months' incarceration, three years' supervised release, the mandatory $200 special assessment, and restitution in the amount of $1,131,207.28, for which the court held Ms. Lanesky jointly and severally liable with her co-conspirators. In her timely appeal, Ms. Lanesky assigns as error the district court's failure to address fully or to resolve the objections she raised with regard to the presentence report (PSR). Because we conclude that the district court neither ruled on these objections nor determined that the matters would not affect or be considered in the sentencing, and because the court did not calculate and consider a correct advisory guideline sentence, we vacate the sentence and remand for resentencing.

1

Ms. Lanesky was an employee of a mortgage company who participated in a property-flipping scheme by obtaining fraudulent mortgages. The conspirators would buy a property, prepare a false appraisal at a grossly inflated value, produce forged documents for a "straw" buyer, obtain a mortgage on the property in the name of the straw buyer, and default on the mortgage, leaving the bank with a significant loss and worthless collateral. Ms. Lanesky obtained mortgages on 17 such properties and received $174,821 in laundered proceeds on $1,435,551 of bank disbursements. In a superseding indictment, she was charged with one count of conspiracy to commit bank fraud and launder the proceeds, in violation of 18 U.S.C. §§ 371, 1956 and 1957, and one count of bank fraud in violation of 18 U.S.C. § 1344, as well as a number of other counts. Ms. Lanesky pled guilty to the conspiracy and bank fraud counts, and the government dismissed the remaining charges.

The PSR established a guideline range of 57-71 months. Ms. Lanesky objected, based on several disputed items in the PSR, and sought a guideline range of 21-27 months. She argued that the guidelines for fraud, rather than money laundering, should be used to calculate her sentence; that the value of the funds involved should be $174,821 — i.e., the value of the monies she received — rather than total bank disbursements of $1,435,551; that she held only the title of "loan officer," rather than "mortgage broker"; and that she was entitled to a downward departure of three levels, rather than two, because her acceptance of responsibility was timely.

At sentencing, the court did not resolve Ms. Lanesky's objections expressly, nor did it determine that the matters to which she objected were not material to and would not be considered in calculating the sentence. Neither did the court make any factual findings on the record to produce or support its own calculations of the guidelines. Although the court made clear that it was not relying on the guidelines in determining her sentence, the court adopted the PSR in its sentencing order. The court stated that it had reviewed the bank fraud and money laundering guideline ranges, and was not using either, although after it had imposed the sentence, the court said that it was using the money laundering guideline because "it's clear that's what was involved here." In short, although the court clearly did consider the § 3553(a) factors, it did not make the factual findings necessary to calculate and consider the correct guidelines sentence, but rather imposed what it viewed as an appropriate sentence in light of the § 3553(a) factors.

"At sentencing, the court . . . must — for any disputed portion of the presentence report or other controverted matter — rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]" Fed. R. Crim. P. 32(i)(3)(B). In the present case, the district court did not rule on the disputes at sentencing, but adopted the PSR in its sentencing order. This was not sufficient. *See United States v. Darwich*, 337 F.3d 645, 667 (6th Cir. 2003) (explaining that "exclusive reliance on the PSR when a matter is in dispute cannot be considered a ruling").

"[A] sentence is unreasonable when the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). Here, the district court could not have considered the applicable guideline range because it did not calculate a correct guideline range. Instead, the court looked at the two proposed guideline ranges (one in the PSR and the other offered by Ms. Lanesky), concluded that neither was correct, and, without making factual findings to support any guideline range, selected what it viewed as an appropriate sentence in light of the § 3553(a) factors. More was required. Under this Circuit's post-*Booker* protocol, the sentencing court must: (1) correctly calculate the advisory guideline sentencing range, (2) consider the other § 3553(a) factors, and (3) impose a sentence that is sufficient but not greater than necessary to comply with the purposes of § 3553(a)(2). *See United States v. Cage*, 458 F.3d 537, 540 (6th Cir. 2006).

>Without the 'mandatory' provision, the [Sentencing Reform Act of 1984] nonetheless requires judges to take account of the Guidelines together with other sentencing goals. *See* 18 USC § 3553(a). The Act nonetheless requires judges to consider the Guidelines 'sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant,' § 3553(a)(4)(A), the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims, §§ 3553(a)(1), (3), (5)-(7). And the Act nonetheless requires judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care. § 3553(a)(2).

*United States v. Booker*, 543 U.S. 220, 259-260 (2005) (certain citation forms altered).

For these same reasons, we disagree with the government's contention that the error was harmless. Under Fed. R. Crim. P. 52(a), the government bears the burden of showing the error was harmless, *United States v. Vonn*, 535 U.S. 55, 68 (2002), and in this case, there is no basis by which the government can meet that burden. "To establish harmless error such that this Court lets stand a defendant's sentence in spite of errors at trial or sentencing below, the government must prove that none of the defendant's substantial rights has been affected by the error." *United States v. Johnson*, 467 F.3d 559, 564 (6th Cir. 2006) (citations, quotation marks, and edits omitted). "To carry this burden, the government must demonstrate to this Court *with certainty* that the error at sentencing did not cause the defendant to receive a more severe sentence." *Id*. (citations, quotation marks, and edits omitted; emphasis added). And, without considering the sentence in light of a properly-calculated guideline range, we cannot conclude with certainty that the defendant's substantial rights were unaffected. *See id*. at 565; *see also United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006). In a case such as this one, in which the sentencing court did not calculate an applicable guideline range at all, we cannot be certain that this error did not cause the defendant to receive a more severe sentence. *See id*. at 564. Therefore, we cannot excuse the district court's error as harmless.

Accordingly, we **VACATE** the sentence imposed by the district court and **REMAND** this case for resentencing in accordance with this opinion.