NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0131n.06
Filed: February 13, 2009

No. 07-6245

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | EASTERN DISTRICT OF TENNESSEE |
| EARL MCELHENEY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MARTIN and COOK, Circuit Judges; WATSON, District Judge[*]

COOK, Circuit Judge. The defendant, Earl McElheney, pleaded guilty to receiving child pornography via the Internet. The district court, after rejecting McElheney's request for a downward variance, sentenced him to 135 months' imprisonment. McElheney raises a number of issues on appeal, but we need only address his claim that he should be resentenced due to the change in sentencing law wrought by *Gall v. United States*, 128 S. Ct. 586 (2007).

The sentencing court—without the benefit *Gall*—declined to vary below the advisory-Guidelines range. Over an objection from McElheney, the court applied this circuit's now-defunct "extraordinary circumstances" requirement, explaining that "the further away from the guidelines

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

the Court goes, the greater the justification must be." The court's sentencing memorandum elaborated on this perceived limit to its discretion: "If the Court wished to impose a sentence substantially below the Sentencing Guidelines, it would have to offer a compelling justification based on the relevant § 3553(a) factors that is in proportion to the extent of the variance." Finding nothing extraordinary about McElheney's situation—"[McElheney] has not provided any argument to establish this case is atypical"—the court limited itself to the recommended-Guidelines range.

*Gall* rejected this circuit's rule, to which the district court adhered, when it held that appellate courts may not require extraordinary circumstances to justify sentences that deviate substantially from the advisory-Guidelines range. *Gall*, 128 S. Ct. at 596. In light of *Gall* and because we lack the requisite certainty to label the district court's procedural error as harmless (that is, "that this error did not cause the defendant to receive a more severe sentence," *United States v. Lanesky*, 494 F.3d 558, 562 (6th Cir. 2007)),[1] we vacate McElheney's sentence and remand for resentencing.

---

[1] The government argues harmlessness by emphasizing how the district court noted that "in this case the Court did not believe any variance was warranted." But the transcript leaves open the question whether that comment signaled the district court's unwillingness to vary in any set of circumstances, or merely under the then-existing law. This ambiguity prevents the government from meeting its burden of showing "with certainty" that we may excuse the error as harmless. *See Lanesky*, 494 F.3d at 561–62. The district court will decide on remand whether the intervening *Gall* decision changes its judgment as to the appropriate sentence to be imposed.