NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0420n.06

No. 11-5630

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Apr 16, 2012

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Plaintiff-Appellee, | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| DALLEN ELWOOD MAUCK, JR. | ) | O P I N I O N |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: COOK, McKEAGUE, ROTH, Circuit Judges.[*]

**McKeague, Circuit Judge.** Defendant-Appellant Dallen Elwood Mauck ("Mauck") appeals his sentence of 235 months' imprisonment for transportation of child pornography in violation of 18 U.S.C. § 2252(a). On appeal, Mauck challenges the district court's application of an enhancement under the United States Sentencing Guidelines and its use of a prior conviction under Virginia law to increase his mandatory minimum sentence. Mauck also argues that the district court's sentence was substantively unreasonable. We affirm.

## I. BACKGROUND

In June 2009, members of the FBI's Memphis Crimes Against Children Task Force began investigating the social networking site Mbuzzy.com ("Mbuzzy") after receiving complaints

---

[*] The Honorable Jane R. Roth, Circuit Judge for the Third Circuit of the United States Court of Appeals, sitting by designation.

regarding sexually explicit images of children. Investigators used undercover personas—including "lacey13," the persona of a 13 year-old girl, and "badmother46," the persona of a 46 year-old woman with a ten year-old daughter—to contact suspects, including Mauck, through Mbuzzy. During the following six months, investigators exchanged numerous messages with Mauck under the guise of their Mbuzzy personas. In some of these messages, Mauck sent the undercover investigators sexually explicit images of pre-pubescent children through Mbuzzy and via email. In others, Mauck asked the investigators to send him similar photographs; he specifically requested naked pictures of "lacey13." Mauck also posted approximately nine sexually explicit images of children on his Mbuzzy profile page.

Investigators eventually ascertained Mauck's identity and home address. They discovered that he had a prior conviction for possession of child pornography under Virginia law in 2004. On April 20, 2010, a federal grand jury sitting in the Western District of Tennessee returned a one-count indictment against Mauck for possession of child pornography, in violation of 18 U.S.C. § 2252(a)(1)-(2). During the following three days, investigators arrested Mauck and searched Mauck's motel room, seizing a number of items containing sexually explicit images of children. Mauck pled guilty to the charge in the indictment.

The Probation Office prepared a Presentence Investigation Report ("PSR") using the 2010 Edition of the United States Sentencing Guidelines ("USSG" or "the Guidelines"). The Probation Office assigned Mauck a base offense level of 22, with a number of adjustments that brought Mauck's total offense level up 37. Mauck challenged the application of a five-level enhancement under § 2G2.2(b)(3)(B) because "[t]he offense involved . . . distribution for the receipt, or

expectation of receipt, of a thing of value, but not for pecuniary gain." The Probation Office also reported that due to Mauck's prior conviction in Virginia, his mandatory minimum sentence should be raised from 5 years of imprisonment to 15 years.

In his response to the PSR and at his sentencing hearing, Mauck objected to both the application of § 2G2.2(b)(3)(B) and to the use of his Virginia conviction to increase his mandatory minimum sentence. The district court overruled both objections and assessed a total offense level of 37 with a criminal history category of II, resulting in a Guidelines imprisonment range of 235 to 296 months. Because the statutory maximum sentence under 18 U.S.C. § 2252(a) is 20 years' imprisonment, the upper end of Mauck's Guidelines range was restricted to 240 months. After reviewing the § 3553(a) factors, the district court sentenced Mauck to 235 months' imprisonment followed by 15 years of supervised release. This timely appeal followed.

## II. ANALYSIS

### A.    "Thing of Value" Enhancement

Mauck first asserts that the district court improperly applied the five-level enhancement under USSG § 2G2.2(b)(3)(B) to his offense. This Court reviews legal conclusions regarding application of the Guidelines de novo and factual findings in applying the Guidelines for clear error. *E.g.*, *United States v. Jackson*, 635 F.3d 205 (6th Cir. 2011).

Section § 2G2.2(b)(3)(B) of the Guidelines provides for a five-level enhancement "[i]f the offense involved . . . [d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain . . . ." The district court found two bases for applying this enhancement. First, the court cited portions of the PSR describing messages sent between Mauck and undercover agents

posting on Mbuzzy, during which Mauck sent out sexually explicit images of pre-pubescent females to other Mbuzzy users and also requested such images from those users. From this, the court found that when Mauck sent out the images, he expected to receive other images back. Such images, the district court held, are a "thing of value" within the meaning of the Guidelines provision. Second, the court found that sending out the images provided Mauck an "entree into a whole world of friendship and support" from people who share his interest in child pornography, and that this socialization was itself a "thing of value" to Mauck.

The district court did not clearly err in finding that Mauck expected to receive images in return for the sexually explicit images he sent to the undercover investigators and other Mbuzzy users. Paragraph 6 of the PSR states that over a period of approximately seven months, undercover investigators engaged in online communications with Mauck that "included conversations regarding the exchange of pictures of young children." The same paragraph specifies that during these conversations, Mauck "sent a message requesting to see pictures of 'lacey13,'" the persona of a thirteen-year-old girl used by undercover investigators. Paragraph 18 states: "Mauck also thought he forwarded some of the underage images, and he stated that sometimes the women to whom he forwarded the images would send some back in response." Mauck did not object to any of these facts, the district court properly adopted them at the sentencing hearing, and they are more than sufficient to support the court's finding that Mauck expected to receive images in return for the images he sent.

The Guidelines' definition of "thing of value" is very broad, extending to "anything of valuable consideration," and this Circuit holds that the expectation of receipt of sexually explicit

pictures is a "thing of value" for the purposes of § 2G2.2(b)(3)(B). *See, e.g.*, *United States v. Battaglia*, 624 F.3d 348, 351 (6th Cir. 2010) ("That five-level enhancement applies to trading or attempted trading of child pornography—i.e., it applies where a defendant distributes child pornography because he or she has received child pornography or expects to receive child pornography in return."). Because the expectation of receipt of images alone suffices for application of the enhancement, we affirm the district court on this ground.

**B.      Mandatory Minimum**

Mauck next argues that the district court erred in enhancing his sentence based on his prior Virginia conviction. Section 2252(b) mandates a mandatory minimum fifteen-year sentence for persons convicted under § 2252(a) who also have a prior conviction for possessing child pornography under state or federal law. The district court treated Mauck's prior Virginia conviction for possessing child pornography as a predicate offense for the purposes of § 2252(b). On appeal, Mauck has raised serious questions as to whether his 2004 conviction under Va. Code Ann. § 18.2-374.1:1(A) qualifies as such a predicate offense. But we find that any error was harmless.

"To establish harmless error such that this Court lets stand a defendant's sentence in spite of errors at trial or sentencing below, the government must prove that none of the defendant's substantial rights has been affected by the error." *United States v. Johnson*, 467 F.3d 559, 564 (6th Cir. 2006) (internal quotations omitted). "To carry this burden, the government must demonstrate to this Court with certainty that the error at sentencing did not cause the defendant to receive a more severe sentence." *Id.* (internal quotation omitted). Thus, remand is required unless the error "did not

cause the defendant to receive a more severe sentence." *United States v. Lanesky*, 494 F.3d 558, 561 (6th Cir. 2007) (internal quotation omitted).

The Guidelines consider prior criminal conduct to be "directly relevant" to sentencing. *See* U.S.S.G. § 4A (comment). Thus, even where a prior conviction did not result in imprisonment, and is not addressed by a particular enhancement, the Guidelines instruct courts to add one point to a defendant's criminal history. *See* U.S.S.G. § 4A 1.1(c). Mauck received one point for the prior conviction of misdemeanor possession of child pornography in question, and he also received one point for a prior domestic violence conviction. With two criminal history points, Mauck fell under criminal history category II. *See* U.S.S.G. § 5A; 18 U.S.C. § 3553(a)(4)(A). So the Guidelines placed Mauck at an offense level of 37 and a criminal history category II, positioning him in the recommended Guidelines range of 235-240 months' imprisonment. By contrast, the application of the prior-conviction enhancement set the mandatory minimum at fifteen years, or 180 months' imprisonment. *See* 18 U.S.C. § 2252(b)(1). The sentence that Mauck received of 235 months would have been at the lower end of the Guidelines range regardless of whether the district court applied the sentencing enhancement of § 2252(b)(1).

The district court was consummately transparent about its reasons for sentencing Mauck to 235 months. After engaging in a lengthy discussion with defense counsel, government counsel, and the probation officer about the various objections to the presentence report, the court summarized its preference for applying a within-Guidelines sentence. First, the court stated that, although it acknowledged the Guidelines are advisory, the court thought they "work in this situation about as well as they ever work." Further, the court stated "I'm a big believer in guideline sentencing, even

though I think each case has to stand on its own merits. The guidelines also promote uniformity in this case." Specifically, with regard to criminal history, the court stated that the Guidelines "recognize the absence of history relatively and they don't, again, capture the nature of the criminal history which includes this prior conviction for possession of child pornography." These statements indicate that the court was inclined to rely on the Guidelines as opposed to the mandatory minimum.

The court went on to explain why the low end of the Guidelines supplied the appropriate sentence:

> I think I ought to recognize Mr. Mauck's post-arrest conduct while he's been incarcerated. I think I also ought to recognize his acceptance and cooperation. The way to do that is within the guidelines but the low end of the guidelines which is 235 months. *That is above the statutory minimum but I think appropriately so.*

Tr. at 107 (emphasis added). This further supports the conclusion that the court's reasoning was not influenced by the § 2252(b) prior-conviction enhancement.

Based on the court's express decision to focus on the Guidelines and not the mandatory minimum, which would have resulted in a sentence 55 months shorter than the one Mauck received, it is highly unlikely that a different finding with regard to the mandatory minimum would have affected Mauck's sentence. Earlier in its colloquy, the court gave reasons why Mauck's circumstances warranted a fairly long sentence. These reasons included the seriousness of the crime, the effect on Mauck's son, Mauck's struggles with alcoholism and need for treatment, and Mauck's need for treatment for addiction to child pornography. Based on these observations, the court indicated that the Guidelines "take account of the seriousness of the offense."

This Court's case *United States v. Allen*, 444 F. App'x 867 (6th Cir. 2011), provides a helpful analogy for this case. There, one of the defendants argued that he was eligible for the safety-valve exception to a mandatory minimum drug sentence. *Id.* at 870. But the sentencing judge had stated "my inclination is that the statutory minimum is close to where it ought to be. *Not because I would have any desire to go below the statutory minimum if I had the opportunity. I wouldn't.*" *Id.* (emphasis in original). The Sixth Circuit concluded that, because the district court would not have gone below the statutory minimum regardless of whether the defendant was eligible for the safety-valve provision, any error was "clearly harmless." *Id.*

Similarly, because the trial court expressed on the record that it was not inclined to go below the Guidelines range, any error with regard to the mandatory minimum is harmless. Therefore, we conclude that regardless of whether the trial court erred in deciding the § 2252(b) prior-conviction enhancement applied in the first place, any such error was harmless.

## C.    Substantive Reasonableness

We review the substantive reasonableness of a defendant's sentence for abuse of discretion. *United States v. Houston*, 529 F.3d 743, 755 (6th Cir. 2008). "The touchstone for our review is whether the length of the sentence is reasonable in light of the § 3553(a) factors." *United States v. Tate*, 516 F.3d 459, 469 (6th Cir. 2008). Examples of substantive unreasonableness include "selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent § 3553(a) factors, or giving an unreasonable amount of weight to any pertinent factor." *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005).

The district court sentenced Mauck to 235 months' imprisonment, the low end of the Guidelines range, followed by 15 years of supervised release. Mauck argues that the district court's sentence was unreasonable because the court placed too much weight on his criminal history and the seriousness of the offense. But to the contrary, the court engaged in a more complete consideration of all relevant factors than Mauck suggests. When addressing the § 3553(a) factors, the court noted that Mauck had a history of possessing and distributing child pornography, but that he was, with one exception, not historically a producer. The sentencing judge went on to say that the Guidelines appropriately addressed the seriousness of Mauck's crime. The record shows the court briefly addressed the contents of the images, which featured infants and prepubescent children, as well as a young female child "being penetrated and crying and being held down." The court stressed that Mauck was not being sentenced at this time for producing sexually explicit images of his own son, but acknowledged that act was relevant conduct. The court then addressed potential mitigating factors, including Mauck's problems with alcohol and homelessness, as well as his good conduct while in custody. Finally, the court found a "strong need for deterrence on this record . . . general deterrence" and "a need to protect the public from Mr. Mauck."

In short, the district court's analysis was balanced and showed no abuse of discretion. For these reasons, we reject Mauck's substantive reasonableness challenge.

### III. CONCLUSION

Accordingly, we affirm the district court's sentence.