NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0630n.06

No. 14-6509

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 14, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| GERMAN CASTRO-MARTINEZ, | ) | COURT FOR THE MIDDLE |
| Spanish Interpreter Needed, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

O R D E R

Before: SUHRHEINRICH and MOORE, Circuit Judges; VAN TATENHOVE, District Judge.[*]

In 2014, Defendant German Castro-Martinez pleaded guilty to aggravated illegal reentry, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Because his prior conviction for aggravated burglary under Tennessee law was deemed a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii)[1] when sentenced under this court's precedent, he received a 16-level enhancement under the Sentencing Guidelines. This gave him a guideline range of 46 to 57 months, rather than 18 to 24 months, which would have been the applicable range had he received the 8-level enhancement he argued for. Notwithstanding, the district court granted a downward variance to 34 months. We affirmed. *See United States v. Castro-Martinez*, 624 F. App'x 357 (6th Cir. 2015).

---

[*] The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

[1] U.S.S.G. § 2L1.2 was amended in 2016, striking subsection (b). Thus, the current version no longer defines specific offense characteristic to include a felony conviction for a crime of violence.

The Supreme Court remanded this case for further consideration in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), *see Castro-Martinez v. United States*, 136 S. Ct. 2541 (2016). After that, we held it in abeyance pending our en banc decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc).[2] After *Stitt*, which held that Tennessee's aggravated burglary statute is broader than the enumerated offense of burglary, as used in the Armed Career Criminal Act, 18 U.S.C. § 924(e), and indivisible in light of *Mathis*, issued, we ordered supplemental briefing to address the effect of these developments on this case.[3]

The government now concedes that Castro-Martinez's conviction for Tennessee aggravated burglary does not qualify as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii), because (1) under *United States v. Lara*, 590 F. App'x 574 (6th Cir. 2014) and *United States v. Ozier*, 796 F.3d 597 (6th Cir. 2015), *abrogated by Mathis*, 136 S. Ct. 2243, the statute is broader than the enumerated offense of "burglary of a dwelling", and under *Mathis* and *Stitt*, the statute is indivisible, *see Castro-Martinez*, 136 S. Ct. 2541 (2016), and *Mathis*, 136 S. Ct. at 2251 & n.1.

Nonetheless, the government claims that the district court's error in calculating the applicable guidelines range was harmless because the record reflects that the district court would have imposed the same sentence anyway. *See United States v. Morrison*, 852 F.3d 488, 491 (6th Cir. 2017) (holding that "[i]f the record shows that the district court would have imposed its sentence regardless of the Guidelines range, then an error in calculating the Guidelines range is harmless."). Under Fed. R. Crim. P. 52(a), the burden is on the government to show that the

---

[2] The facts and procedural history are detailed in our prior decision. *See United States v. Castro-Martinez*, 624 F. App'x 357 (6th Cir. 2015).

[3] Although Castro-Martinez has completed his 34-month term of imprisonment and been removed from the country on August 29, 2016, this appeal is not moot because this appeal "potentially implicates the length of the appellant's supervised release term." *See United States v. Solano-Rosales*, 781 F.3d 345, 355 (6th Cir. 2015) (quoting *United States v. Maken*, 510 F.3d 654, 656 n.3 (6th Cir. 2007)). Castro-Martinez has roughly ten months left on his term of supervised release.

error was harmless. *United States v. Lanesky*, 494 F.3d 558, 561 (6th Cir. 2007). "To carry this burden, the government must demonstrate to this Court *with certainty* that the error at sentencing did not cause the defendant to receive a more severe sentence." *Id*. (quoting *United States v. Johnson*, 467 F.3d 559, 564 (6th Cir. 2006)).

In deciding to vary downward to impose a sentence of 34 months, the district court noted that Castro-Martinez was barely an adult and subject to peer pressure when he committed the offense that radically boosted his sentencing range. ID# 266. The court also referenced reasons for not varying as far downward as Castro-Martinez asked—because he had previously been deported twice, because his record was not perfectly clean, and because the burglary offense was "significant." ID# 266, 268, 269. The court made the following ruling:

> The Court has considered all of the factors under 3553(a), based on the facts set out in the plea agreement and the presentence report and the Shepard materials that were submitted by the parties on the issue of the guideline calculation for an aggravated crime of violence. The Court believes that it was qualified for the enhancement. But the Court is also going to grant a variance, given the defendant's age at the time of the offense. But that particular offense, which is a significant fact in sentencing, whether as an enhancement or just a sentencing factor. By sentencing factor, I mean considering the defendant's entire criminal history, aside from whatever the guideline calculation may be as an enhancement or not.
>
> And the Court is going to impose a sentence that the Court believes is no greater than necessary, given his two prior deportations from the United States.

ID# 269-70.

When asked by the government (for the second time) shortly thereafter what the sentence would be if only the 8-level enhancement applied, the court replied, "The sentence would have been the same," based on the § 3553(a) factors. ID# 271.

The government asks us to find the district court's use of an improper guideline range— 46 to 57 months—was harmless because the court ruled in the alternative using the correct

guideline range—18 to 24 months (resulting in an 8-level enhancement).[4] Although an error in calculating the applicable guidelines range is presumptively prejudicial, "[t]he record in a case may show . . . that the district court thought the sentence it chose was appropriate irrespective of the [improper higher] Guidelines range." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2017). That is, a district court may offer "a detailed explanation of the reasons the selected sentence is appropriate . . . [a]nd that explanation . . . make[s] it clear that the judge based the sentence . . . selected on factors independent of the Guidelines." *Id.* at 1347.

Here, the district court's proffered reasons adequately support its decision to grant a limited *downward* variance, but it did not offer an equally clear explanation how or why these factors would also justify an *upward* variance to 34 months from a lower advisory guideline range. This is not to say that these factors could not support an upward variance. But given its perfunctory ruling in response to the government's question, we simply cannot say with certainty that Castro-Martinez's substantial rights were unaffected. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (stating that a sentence is procedurally unreasonable if the district court fails to "adequately explain . . . any deviation from the Guidelines range"); *see generally Lanesky*, 494 F.3d at 561. Given the "systemic function of the selected Guidelines range" as the "lodestar," *Molina-Martinez*, 136 S. Ct. at 1346, we think a remand for resentencing is necessary to allow the court to consider the facts and circumstances of this case from the proper "starting point" of the lower advisory guideline range.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

---

[4] Contrary to Castro-Martinez's suggestion, the court clearly recognized in its alternative ruling that the correct guideline range is 18 to 24 months.