**NOT RECOMMENDED FOR PUBLICATON**
File Name: 20a0046n.06

No. 19-3369

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

Jan 23, 2020

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| RAMON R. COLLINS, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BATCHELDER, LARSEN, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge. Ramon Collins pleaded guilty to distributing heroin and fentanyl in violation of 21 U.S.C. § 841(a)(1). The district court found that Collins's prior Georgia conviction qualified as a "controlled substance offense" and made him a "career offender" under the Sentencing Guidelines. U.S.S.G. § 4B1.1(a) (2018). The Georgia law prohibits the *possession* of large quantities of drugs, Ga. Code Ann. § 16-13-31(a)(1), but the definition of "controlled substance offense" reaches only those possession offenses committed with the "*intent* to manufacture, import, export, distribute, or dispense," U.S.S.G. § 4B1.2(b) (emphasis added). The district court ruled that the Georgia offense could fall within that definition based on the logic of *United States v. Madera-Madera*, 333 F.3d 1228, 1230 (11th Cir. 2003). This enhancement produced a guidelines range of 188 to 235 months' imprisonment. The court varied downward and imposed a 96-month sentence.

Despite arguing for the career-offender enhancement in the district court, the United States concedes on appeal that the enhancement cannot apply under the conflicting logic from our own decision in *United States v. Montanez*, 442 F.3d 485, 493–94 (6th Cir. 2006). (The government claims that *Montanez* was wrong and *Madera-Madera* right, but it concedes that *Montanez* binds us. *Cf. United States v. Lopez-Salas*, 513 F.3d 174, 179–80 (5th Cir. 2008) (citing conflict).) Both parties thus agree that Collins's guidelines range should have been 46 to 57 months' imprisonment. Their agreement simplifies our task: We must decide only whether the error in calculating the guidelines range was harmless.

The United States bears the burden of proving harmlessness. *United States v. Vonn*, 535 U.S. 55, 68 (2002); Fed. R. Crim. P. 52(a). It "must demonstrate . . . *with certainty* that the error at sentencing did not cause the defendant to receive a more severe sentence." *United States v. Lanesky*, 494 F.3d 558, 561 (6th Cir. 2007) (citation omitted). The United States can do so by showing "that the district court would have imposed its sentence regardless of the Guidelines range[.]" *United States v. Morrison*, 852 F.3d 488, 491 (6th Cir. 2017) (citing *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016)); *accord United States v. Buchanan*, 933 F.3d 501, 516 (6th Cir. 2019).

That showing is not easy. The Sentencing Guidelines are "the starting point and the initial benchmark" in a district court's sentencing analysis. *Gall v. United States*, 552 U.S. 38, 49 (2007). A district court must explain any departure from the Guidelines, *see id.* at 50, so the Guidelines "anchor the court's discretion in selecting an appropriate sentence," *Molina-Martinez*, 136 S. Ct. at 1349. "In the usual case, then, the systemic function of the selected Guidelines range will affect the sentence." *Id.* at 1346; *accord United States v. Susany*, 893 F.3d 364, 368 (6th Cir. 2018).

Under this framework, we have found errors in calculating the guidelines range to be harmless when a district court made clear that "it would have given [the defendant] the same sentence" even if it had started from the correct guidelines range without the calculation error. *United States v. Bishop*, __ F. App'x __, No. 19-1140, 2019 WL 6824854, at *3 (6th Cir. Dec. 13, 2019). Consider our decision in *Bishop*. There, the district court imposed a 240-month sentence after finding that the defendant qualified for an enhancement because of his pattern of sexually abusing children. *Id.* at *2. Even if the enhancement did not apply, the district court stated alternatively, it would have varied upward from the non-enhanced guidelines range (151 to 188 months) and imposed the same sentence. *Id.* at *3. We found any error in applying the enhancement harmless because the district court would have imposed the same sentence anyway, and an upward variance from the correct guidelines range would have been reasonable. *Id.* Other cases finding guidelines errors harmless typically fit this description: The district court notes at sentencing that it would have imposed the same sentence even if it had not adopted the enhancement that a defendant wants to challenge on appeal. *See, e.g.*, *Morrison*, 852 F.3d at 492 & n.2; *United States v. Maxwell*, 678 F. App'x 395, 396 (6th Cir. 2017); *United States v. Mizori*, 601 F. App'x 425, 431–32 (6th Cir. 2015).

When, by contrast, we could not conclusively find that the district court would have imposed the same sentence, we have not found a guidelines error to be harmless. Consider our decision in *Buchanan*. There, the district court imposed an enhancement that applies to defendants who engage in a pattern of criminal conduct as a livelihood. 933 F.3d at 508. The enhancement led to a guidelines range of 63 to 78 months' imprisonment, but the district court varied downward by imposing a 50-month sentence. *Id.* We held that the court mistakenly applied this enhancement and that the defendant's guidelines range should have been 51 to 63 months. *Id.* at 517. Even though the district court's actual sentence still fell below the corrected guidelines range, the court

nowhere indicated that it would have imposed the same sentence without the enhancement. We thus decided that the court "may well have sentenced [the defendant] to a shorter term of imprisonment had it calculated his Guidelines range differently." *Id.*; *see, e.g.*, *United States v. Castro-Martinez*, 713 F. App'x 481, 484 (6th Cir. 2017) (order); *United States v. Schock*, 862 F.3d 563, 569–70 (6th Cir. 2017).

How does this dichotomy play out here? We cannot say "with certainty" that the district court would have imposed its 96-month sentence absent the career-offender enhancement. *Lanesky*, 494 F.3d at 561. Unlike in *Bishop* and the other cases in which we have found guidelines errors harmless, the district court in this case did not alternatively state that it would have imposed an *identical* sentence even if it had rejected the career-offender enhancement. To be sure, the court did say that "even without the career offender designation I would find that a sentence of 46 to 57 months is too low, so if you weren't a career offender I would vary or depart upward from that based on your criminal history and specifically [the prior] drug-related" crimes. But the court nowhere suggested that it would have opted for what would have been a significant 39-month *upward* variance from the correct guidelines range. To the contrary, it repeatedly recognized that it was in fact varying *downward* from the "advisory range for career offender." That incorrect guidelines range may well have had an upward "gravitational pull" on the ultimate sentence. *See Moore v. United States*, 676 F. App'x 383, 386 (6th Cir. 2017). This uncertainty precludes a harmlessness finding.

The cases on which the United States relies do not change our minds. In most of them, the district court expressed on the record that its sentence would have been the same even without the error. One district court said its sentence would be "188 months whether I get at it from the low end of the guidelines where I am today or high end of the guidelines on the defense view." *United*

*States v. Steel*, 609 F. App'x 851, 854 (6th Cir. 2015) (citation omitted). Another failed to recognize its authority to depart from a Guideline on policy grounds, but made clear that it would not have departed from the Guideline on the facts of the case even if it could have. *United States v. Kamper*, 748 F.3d 728, 743 (6th Cir. 2014). A third court indicated: "the offense level would not have been changed, even were the Court to have found merit in [the defendant's] objection." *United States v. Lalonde*, 509 F.3d 750, 765 (6th Cir. 2007) (citation omitted). That leaves *United States v. Jeross*, 521 F.3d 562 (6th Cir. 2008). There, both the district court's mistaken calculation and the correct calculation generated a guidelines range that was above the statutory maximum. 521 F.3d at 574. The record gave no indication that the court's decision to impose the statutory-maximum sentence would have changed based on that inconsequential error. *See id.* at 576.

The same cannot be said for this case. A large gap exists between the correct guidelines range (46 to 57 months) and the mistaken guidelines range (188 to 235 months). That said, the district court might well impose a similar sentence on remand (we need not opine on the reasonableness of such a hypothetical sentence at this point). But we cannot say with certainty that the court will impose an identical one. *Cf. Castro-Martinez*, 713 F. App'x at 484.

We reverse and remand for resentencing.